hPER CURIAM *.
Writ granted. The court of appeal erred in reversing the trial court’s denial of a mistrial on the grounds that the prosecutor’s question to a witness as to whether he had made a statement that the defendant was “known to carrying [sic] guns at all times” and that he “stayed with guns” was clearly so prejudicial as to require a mistrial. A mistrial is mandated when a prosecutor, within the hearing of the jury, refers to “[a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” La.C.Cr.P. art. 770(2). The prosecutor’s reference to the defendant’s carrying of guns, although improper in the context in which it was made, was not a direct or indirect reference to another crime. Thus, the mandatory mistrial provisions of La.C.Cr.P. art. 770 were not implicated.
Furthermore, the trial court did not abuse its discretion in determining that an admonition to the jury to disregard the prosecutor’s comment and any inferences to be made therefrom was sufficient to cure the error. Fully admissible evidence that the defendant was seen carrying a firearm is purportedly to be introduced at trial. Consequently, at this stage of the proceedings, the prosecutor’s remark does not appear so prejudicial as to be reversible error.
Accordingly, the stay issued in this matter is lifted, the court of appeal’s judgment is reversed, the trial court’s order is reinstated, and the ease is remanded to the trial court for further proceedings. The trial court is directed to admonish the jury to ^disregard the prosecutor’s remarks should the defendant or state so request. La.C.Cr.P. art. 771(1).

 Kimball, J. not on panel. Rule IV, Part 2, § 3.