11 SULLIVAN, Judge.
On December 23,1992, Officer John Hardy of the Abbeville Police Department was shot once in the back of his head during a routine traffic stop. He died shortly thereafter. On January 15, 1993, defendant, Nadaedrick Campbell, a passenger in the vehicle Officer Hardy stopped, was indicted for first degree murder in violation of La.R.S. 14:30(A)(2). On October 14, 1994, the trial court granted defendant’s motion for a change of venue, and the case was transferred to Lafayette Parish.
A jury in Lafayette Parish found defendant guilty as charged, but was unable to reach a unanimous decision in the penalty phase of the trial. On September 6, 1995, the trial judge sentenced defendant to life imprisonment without benefit of parole, probation, or suspension of sentence.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant argues that the trial court improperly admitted “other crimes” evidence, in violation of La.Code Evid. art. 404(B)(1). That evidence included the testimony of witnesses who observed defendant fire a gun shortly before | gthe shooting of Officer Hardy. Defendant argues that this evidence has little probative value because the first shooting was too remote in time and location to shed light on the identity of Officer Hardy’s killer. Defendant further contends that this evidence is highly prejudicial because it depicts him as a “bad person” wielding a gun on the night of the murder. According to defendant, the jury was led to *1304 believe that because he fired a gun earlier in the evening, he also fired the later shot that killed Officer Hardy.
Evidence of “other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” La.Code Evid. art. 404(B)(1). However, that article and jurisprudence provide that evidence of other bad acts is admissible for other purposes, including identity and modus operandi. State v. Broussard, 94-40 (La.App. 3 Cir. 11/23/94); 649 So.2d 726.
Before “other crimes” evidence can be admitted at trial, the state must: (1) comply with the notice requirements and limiting instructions set out in State v. Prieur, 277 So.2d 126 (La.1973), (2) prove by clear and convincing evidence that the other bad act occurred and was committed by the defendant, (3) show that the evidence falls within one of the La.Code Evid. art. 404(B)(1) exceptions, and (4) show that the probative value of the evidence outweighs its potential prejudicial value. State v. Jackson, 625 So.2d 146 (La.1993).
The first two factors are not at issue on appeal. The trial court conducted an admissibility hearing on August 15, 1995, and defendant received proper notice prior to the hearing. The trial court ruled that the state proved by clear and' convincing evidence that defendant committed the other “bad act,” and defendant does not now contest that ruling.[1] Rather, defendant’s argument concentrates on the third and fourth | ofactors of the Jackson test, i.e., whether an Article 404 exception applies and whether the probative value of the evidence outweighs its prejudicial effect.
In State v. Parker, 625 So.2d 1364 (La.App. 1 Cir.1993), writ denied, 93-2832 (La.2/25/94); 632 So.2d 761, the defendant was accused of shooting to death a police officer in the course of a burglary. At the defendant’s trial, the prosecution sought to introduce evidence of two other burglaries that the defendant and his accomplice had committed in the same area in the weeks prior to the murder. The first circuit determined that evidence of the other burglaries was admissible for purposes of proving both identity and motive. Significantly, the defendant’s accomplice testified that the fatal shots were fired from a revolver stolen in one of the previous burglaries. The bullet extracted from the victim’s body matched ammunition also stolen in the prior crime.
In the instant ease, several witnesses saw defendant fire a gun just ten to fifteen minutes before the shooting of Officer Hardy. The witnesses testified that, after an argument, defendant fired three shots at a car as it drove away from a club called The Party Room. The police later collected three casings at The Party Room and one bullet from the car in question. The state produced expert testimony that the casings and bullet from the earlier shooting incident were fired from the same gun as the casing and bullet recovered from the murder scene.
We find that the evidence of the earlier shooting was clearly probative as to the identity of Officer Hardy’s killer. The police never recovered the murder weapon. Although many witnesses heard the fatal shot, only one witness testified that he saw the murder of Officer Hardy. The defense vigorously attacked this witness’ credibility. URelying upon Parker, 625 So.2d 1364, we find that this “other crimes” evidence was properly admitted.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant argues that the trial court improperly curtailed voir dire by ordering the group examination of prospective jurors. Defendant contends this was an abuse of discretion, claiming a right “to determine individual attitudes and perceptions” of the jurors.
Defendant cites State v. Searles, 94-190, p. 3 (La.App. 4 Cir. 12/15/94); 647 So.2d 1329, *1305 1332, writ denied, 95-131 (La.5/19/95); 654 So.2d 1352, for the proposition that counsel must have “a reasonable opportunity to probe to determine a basis for dismissal for cause or for peremptory challenge.” While this is true as a general proposition of law, defendant points to no particular action of the court which prevented him from probing the venire. Rather, he contends that the order for group questioning, in and of itself, was error.
In State v. Bourque, 622 So.2d 198, 224-225 (La.1993), the supreme court squarely addressed the issue of group examination:
There is no provision in our law which prohibits or requires the sequestration of prospective jurors for individual voir dire. State v. Copeland, 530 So.2d 526, 535 (La.1988), cert, denied, 489 U.S. 1091,109 S.Ct. 1558, 103 L.Ed.2d 860 (1989); State v. . Comeaux, 514 So.2d 84, 88 (La.1987); State v. David, 425 So.2d 1241, 1247 (La. 1983). The manner in which voir dire is conducted, such as whether the jurors should be called singly or in groups of a certain number, is left to the trial court’s discretion. La.C.Cr.P. art. 784, Comment c; Copeland, 530 So.2d at 535. The burden is on the defendant to show that the trial court abused its discretion in refusing to sequester the venire at voir dire. Comeaux, 514 So.2d at 88. The trial court does not err in refusing requests for individual voir dire without a showing of special circumstances. Copeland, 530 So.2d at 535; Comeaux, 514 So.2d at 88. The defendant must show there will be a significant possibility that individual jurors will be ineligible to serve because of exposure to potentially prejudicial material. David, 425 So.2d at 1247. The fact that a case is a capital case does not alone establish the existence of special circumstances. | r,Copeland, 530 So.2d at 535; Comeaux, 514 So.2d at 88; State v. Wingo, 457 So.2d 1159,1165 (La.1984), cert, denied, 471 U.S. 1030, 105 S.Ct. 2049, 85 L.Ed.2d 322 (1985).
(Emphasis added.) Defendant claims that the group questioning was error in itself, but Bourque and Copeland clearly show otherwise.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment, defendant contends that the trial court erred in denying his challenge for cause of a venire member, Robert Sellers. Mr. Sellers initially stated that he formed an opinion about the case based upon a newspaper article that he had read. However, he later stated that he could put that opinion aside and reach a decision based upon the evidence presented.
We first note that defendant used only ten of the twelve peremptory challenges permitted by La.Code Crim.P. art. 799. If a defendant uses all his peremptory challenges, prejudice is presumed when a challenge for cause is erroneously denied. However, even if he does not use all peremptory challenges, a defendant may still demonstrate prejudice from the error. La.Code Crim.P. art. 800; State v. Robertson, 92-2660 (La.1/14/94); 630 So.2d 1278. In the case sub judice, prejudice is not presumed, even if error is found, because defendant did not use all of his peremptory challenges.
Defendant argues that a potential juror’s assertion that he will not be biased is not binding upon the trial court. This language is drawn from the dissent in State v. Lee, 625 So.2d 645 (La.App. 3 Cir.1993), affirmed, 93-2810 (La.5/23/94); 637 So.2d 102. It is, however, a true statement of law. He also refers to this court’s majority language, arguing that this court should determine whether actual bias existed, despite the venireman’s assertion he could be fair and impartial. However, this court’s full statement was, “[a] defendant must show actual bias on the part of a particular juror |6to support a challenge for cause.” Id. at 649. (Emphasis added.) Defendant has not met this burden.
Denying defendant’s challenge for cause of Mr. Sellers, the trial court stated:
From the beginning, he always said that he would require the State to prove the defendant guilty and he would give the defendant the presumption of innocence. *1306 And he repeated he could be fair and impartial.
The record supports the trial court’s characterization of Mr. Sellers’ answers to thorough questioning from all counsel and the court. We are unable to conclude that the trial court abused its discretion in denying this challenge for cause.
This assignment of error lacks merit.
ASSIGNMENT OP ERROR NO. 4 [8] By this assignment, defendant argues that the trial court erred in denying a mistrial after the district attorney sought to elicit “other crimes” or character evidence that defendant “was always carrying a gun.”
In State v. Campbell, 95-2158 (La.8/25/95); 660 So.2d 7, the supreme court reversed this court’s order granting a mistrial on this very point. In the opinion the court stated:
Writ granted. The court of appeal erred in reversing the trial court’s denial of a mistrial on the grounds that the prosecutor’s question to a witness as to whether he had made a statement that the defendant was “known to carrying [sic] guns at all times” and that he “stayed with guns” was clearly so prejudicial as to require a mistrial. A mistrial is mandated when a prosecutor, within the hearing of the jury, refers to “[ajnother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” La.C.Cr.P. art. 770(2). The prosecutor’s reference to the defendant’s carrying of guns, although improper in the context in which it was made, was not a direct or indirect reference to another crime. Thus, the mandatory mistrial provisions of La.C.Cr.P. art. 770 were not implicated.
Furthermore, the trial court did not abuse its discretion in determining that an admonition to the jury to disregard the prosecutor’s comment and any inferences to be made therefrom was sufficient to cure the error. Fully admissible evidence that the defendant was seen carrying a firearm is purportedly to be introduced at trial. Consequently, at this |7stage of the proceedings, the prosecutor’s remark does not appear so prejudicial as to be reversible error.
Accordingly, the stay issued in this matter is lifted, the court of appeal’s judgment is reversed, the trial court’s order is reinstated, and the case is remanded to the trial court for further proceedings. The trial court is directed to admonish the jury to disregard the prosecutor’s remarks should the defendant or state so request. La.C.Cr.P. art. 771(1).
The supreme court has spoken on this issue, and defendant now raises no new issues of fact or law.
This assignment has no merit.
ASSIGNMENT OF ERROR NO. 5 [9] By this assignment, defendant argues the trial court erred in denying a mistrial after his counsel brought to the court’s attention that several posters urging support for victims of crime were placed throughout the courthouse. Defendant contends that these posters were so prejudicial as to preclude the jury from forming an objective view of the ease.
The posters were printed to inform the public about the district attorney’s victim assistance program. They depict the victims of various crimes, including a widow grieving for her dead husband. The defense sought a mistrial, based upon the presence of the posters in the courthouse elevators,- outside the courtroom, and near the jury room. In denying a mistrial, the trial court noted that only one of the five scenes depicted in the posters, the “grieving widow” scene, had any bearing on the crimes of homicide. The court did not find that this poster was prejudicial, but nonetheless ordered its removal from near the courtroom and the jury room.
In State v. Edwards, 591 So.2d 748 (La. App. 1 Cir.1991), the defendant, charged with fourth offense DWI, moved for a mistrial during voir dire because of an anti-DWI poster that was positioned over the witness stand near the judge’s bench. The trial court denied the defendant’s motion after several venire persons testified that |8the poster did not influence them. The court did order the poster removed. On appeal, the *1307 first circuit reviewed several out-of-state eases before fashioning the following two-part test: (1) whether the presence of the poster was inherently prejudicial (i.e., posed an unacceptable risk of prejudice on the jury), and (2) whether actual prejudice was shown by the defendant. See Holbrook v. Flynn, 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986), and Norris v. Risky, 918 F.2d 828 (9th Cir.1990).
The Edwards court answered both questions in the negative. The court found no inherent prejudice because the poster was removed prior to completion of voir dire and, hence, was not a “continuing message” throughout trial. Additionally, the trial judge admonished the jury not to view the poster as reflective of the court’s opinion on the ease. The court also found the defendant failed to demonstrate actual prejudice because the testimony of the potential jurors satisfied the court that the poster would not influence them.
In the case sub judice, the posters were not present in the courtroom. Although some of the posters were near the jury room, the state questioned whether any of the jurors had seen the “grieving widow” poster. That poster depicts a solemn but not overly emotional scene, with no connection to police victims in general. The trial court ordered it removed early in the trial, during the testimony of the state’s first witness. Applying Edwards to the current record, we find that the posters were not inherently prejudicial and that defendant has not shown that the posters in any way influenced the jury.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 6 [10] By this assignment, defendant contends the trial court erred in admitting a confession into evidence because the state failed to comply with the notice requirements of La.Code Crim.P. art. 768 or to provide discovery.
laThat article provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
On August 27, 1995, at the opening of the day’s proceedings, the prosecutor advised the court and the defense that he intended to call Glenda Landry, who would testify that defendant told her, “I had to take him out. I took a dude out,” as he ran from the murder scene.
When the defense objected, the prosecutor replied that the substance of Ms. Landry’s testimony was contained in a supplemental report of the lead detective on the case. An “Index to Discovery Responses Received From the Office of the District Attorney, 15th JDC” indicates that the defense received this report in discovery, and defendant does not dispute that the report was received. Further, defense counsel acknowledged on the record that the state provided pre-trial discovery, that the discovery responses were adequate, and that the defense received a witness list containing Ms. Landry’s name.
The trial court admitted the confession, stating:
Okay. The Court finds that the Article 768 is not applicable in this case since the pre-trial discovery has been provided to the defendant, and the defendant has admitted receiving the statement through the pre-trial discovery.
The transcript indicates that defendant received sufficient discovery, and therefore Article 768 did not come into play, as the trial court ruled. This court has previously stated:
The State’s failure to comply with discovery procedures which results in prejudice to the defendant will constitute reversible error. State v. Meshell, 392 So.2d 433 (La.1980). However, the imposition of sanctions is within the discretion of the trial court and a defendant must show prejudice resulting from the court’s adverse ruling before there will be | irreversible error. LSA-C.Cr.P. Art. 729.5(A); State v. Norwood, 396 So.2d 1307 (La.1981).
*1308 (Emphasis added.) State v. Laird, 548 So.2d 373, 375 (La.App. 3 Cir.1989), writs denied, 556 So.2d 54 (La.1990), and 95-916 (La.1/26/96); 666 So.2d 668; see also State v. Jones, 544 So.2d 1209 (La.App. 3 Cir.1989).
Other than his generalized allegations, defendant has failed to demonstrate actual prejudice. Defendant’s trial counsel received notice of Ms. Landry’s testimony through discovery. The defense had ample time to examine the voluminous discovery materials received and to otherwise prepare its case. Defendant was originally indicted on January 14, 1993, and arraigned on January 25 of the same year. The trial did not begin until August 1995, more than two years later.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 7
In his final assignment, defendant argues that the trial court erred in denying his motion for mistrial upon the state’s reference in the jury’s presence to defendant’s two and one-half year pre-trial incarceration. Defendant claims that reference to his incarceration was analogous to parading him before the jury in prison garb and shackles. We disagree.
The prosecutor referred to defendant’s incarceration during the cross-examination of Shirley Joiner, defendant’s aunt:
Q. Well, you’re telling me that — in two- and-a-half (2-½) years you don’t realize that Mr. Hoffpauir gave a statement that was very damning of your nephew that could very well have a great deal of bearing on his being found guilty of a crime like this? You’re not aware of that?
A. Am I not — say that again.
Q. For the last two-and-a-half (2 — ½) years, you’re telling me that you’ve not been aware that Mr. Hoffpauir gave a statement to the police in which he says that he saw your nephew shoot a police officer?
| nThe defense did not object to this reference. Later, the cross-examination closed as follows:
Q. I’m asking whether you thought it was important, not about anybody else. He’s your nephew.
A. I thought it was very important, and that’s why I thought when the time come, I would do it at the right time. And this is the right time.
Q. Two-and-a-half (2 — ½) years later, after he’s been sitting in jail for two-and-half (2 — ½) years on a charge, you feel he didn’t do?
A. What?
Q. You feel that like—
BY MR. MOORE:
Let me make an objection. Can we approach the bench?
(WHEREUPON, A BENCH CONFERENCE WAS HELD.)
In State v. Johnson, 343 So.2d 155 (La.1977), the supreme court visited a similar factual scenario involving a judge’s reference to the defendant’s confinement. During voir dire, the trial judge in the Johnson ease asked a prospective juror, “Have you discussed the matter of this man being in jail with anyone?” and “Do you know what he’s in jail for?” The trial judge denied the defense’s request for a mistrial based upon these comments, but admonished the jury to disregard the references to the defendant’s incarceration.
In finding no error, the supreme court rejected the same argument that defendant makes herein:
Next, defendant argues that the same principles which dictate that an accused not be tried in prison uniform also prohibit reference to his imprisonment. In State v. Tennant, 262 La. 941, 265 So.2d 230, 234 (1972), cited by defendant, the court held that generally it infringes upon the presumption of innocence to try a man in prison clothes and that “he may, therefore, require that he be tried in civilian clothing, free of the stigma attached to prison garb.” If it is improper to present a defendant dressed in prison clothing to the jury, defendant contends, it is equally | laimproper to tell the jury that defendant is presently incarcerated. There is no merit to this argument. An accused has the right to *1309 dress in civilian clothing at trial because prison attire might unduly connote guilt. The remarks complained of in the instant case merely drew attention to a prominent fact of the trial — that defendant had been formally accused of the crime for which he was being tried. Although the fact of accusation may be suggestive of guilt to some jurors, as the State argues in brief, it is an incident of trial from which the jurors simply cannot be insulated. The court’s admonition to the jury in this case, that it should not be prejudiced by the fact of defendant’s incarceration, was the most that could be done to counteract any latent bias.
Id. at 161.
The reasoning in Johnson is applicable to the case sub judice. The court offered to give an admonition, but defendant’s counsel declined, fearing that an admonition would draw further attention to the matter. Thus, the defense refused possible curative action.
This assignment lacks merit.
ERRORS PATENT
The record indicates that the trial court did not give defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence, as required by La.Code Crim.P. art. 880. We, therefore, amend the sentence to reflect that defendant is given credit for time served prior to the execution of the sentence and remand this case with instructions that the trial court amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. La.Code Crim.P. art. 882(A); State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.
DECREE
Defendant’s conviction and sentence are affirmed; however we remand with instructions that the trial court amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. The burden was changed to mere preponderance by the repeal of La.Code Evid. art. 1103, effective on the date of the hearing. However, this is a moot point, as the higher standard was met. The overall test for other crimes evidence appears to remain extant. State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96); 672 So.2d 197.