697 So.2d 607 (1997)
STATE of Louisiana, Appellee,
v.
Darrell A. ROBINSON, Appellant.
No. 29488-KA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
*608 W. Lee Perkins, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, for Appellee.
Before HIGHTOWER, STEWART and GASKINS, JJ.
STEWART, Judge.
The defendant, Darrell A. Robinson ("Robinson"), was charged with four counts of simple burglary a violation of La. R.S. 14:62. A jury found the defendant guilty as charged. The trial court imposed a sentence at hard labor with credit for time served. Robinson appeals urging eight assignments of error. We affirm.

FACTS
On October 2, 1992, Ouachita Parish sheriff's deputies responded to an anonymous caller who reported a vehicle driving slowly without lights through the parking lot of the Walker apartments. Communicating through their radio systems, the deputies decided to enter opposite ends of the complex in an attempt to locate the car. They located the vehicle leaving the apartment complex, stopped the car, and the deputies learned that the driver, Robinson, had an outstanding warrant for his arrest. Three other individuals were in the vehicle with the defendant.
As the deputies approached the vehicle, they observed several stereo items and wires in the back of the car. These objects were consistent with items taken in a recent series of vehicle burglaries. During questioning at the sheriff's office, Robinson admitted his involvement in several car burglaries which occurred in the Town and Country area. Robinson was charged by bill of information with four counts of simple burglary, three vehicle burglaries and one residential burglary. At a jury trial, the defendant did not testify or present witnesses.

DISCUSSION

Assignment of Error # 1: Insufficient evidence was presented at trial to support the verdict.

Assignment of Error # 4: The verdict of the jury on count 3 of the bill of information is contrary to the evidence.
Robinson argues that the state failed to prove the essential elements of each offense. With respect to count three of the bill of information, he alleges that the state provided an incorrect date on which the crime allegedly occurred. Conversely, the state contends it presented sufficient evidence to convict the defendant of the charged offenses. In regards to count three, the date of the crime was presented in "on or about" language which is legally permissible, and the defendant received adequate notice of the charged offense.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. *609 Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La. 1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987).
Robinson was found guilty of simple burglary, in violation of La. R.S. 14:62, which provides: "[s]imple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60."
To convict, the state must prove the elements of the crime beyond a reasonable doubt. The elements of the crime of simple burglary consist of: 1) entry into a structure; 2) the entry being unauthorized; and 3) the specific intent to commit a felony or theft therein. State v. Mitchell, 96-207 (La.App. 3d Cir. 10/9/96), 684 So.2d 6.
Though intent is a question of fact, it need not be proved as a fact. It may be inferred from the circumstances. State v. Kahey, 436 So.2d 475 (La.1983). It is not necessary that an actual theft occur. State v. Hall, 26,505 (La.App.2d Cir. 12/7/94), 647 So.2d 453; State v. Hooker, 623 So.2d 178 (La.App. 2d Cir.1993).

Testimony
As evidence in count one of the bill of information, the state presented the testimony of Trooper Billy Zeigler ("Zeigler"), who was at the time of this investigation a sheriff's deputy. Zeigler testified that he investigated a residential burglary at 10 Town East in Monroe, La., on or about July 18 or 19, 1992. During the investigation, he spoke with Jacquelyn Flood ("Ms.Flood"), who was house sitting for the owner, Rotina West ("Ms.West"). Ms. Flood indicated that various items were missing. The items reported stolen included a microwave, two VCR's, a suitcase that contained clothes, and two pairs of jeans. During his investigation, Zeigler located two fingerprints.
Ms. West testified that she had given her niece, Ms. Flood, permission to live in the house during the summer. She stated items were taken from her home without her permission. She added a pair of tennis shoes to the previous list of missing items.
Ms. Flood testified that when she returned from an overnight trip she found the door of the house pried open and numerous items missing. She stated that she had not given anyone permission to remove any items.
Regarding count two, Corporal Danny Bridges ("Corporal Bridges") testified that he investigated a vehicle burglary involving Ms. Johnny Thompson Hudson. At the scene, Corporal Bridges discovered that the glove compartment had been opened, and papers were laying around the floorboard of the car. Also, the ignition was damaged. The trunk was open and items were strewn about the trunk. Corporal Bridges noted *610 that there was a missing hubcap, and located a latent print from the point of entry on the vehicle.
Johnnie Mae Thompson, the victim, testified that she had not given anyone permission to enter or take anything from her vehicle on or about September 15, 1992. She testified that she had driven her car the day before. However, on the morning of the 15th, as she prepared to leave for work, Ms. Thompson discovered that her passenger side window had been broken, the steering wheel had been tampered with, and the glove compartment, as well as the trunk were open. She also noted that the cap of her wheel rim was missing.
Concerning count three, both the deputy who took the initial report and the victim testified regarding the crime. On September 21, 1992, Deputy Bill Berry ("Deputy Berry") testified that he was working an area where several vehicle burglaries, which occurred the night before, had been reported. As the deputy patrolled the area, he found a 1989 Isuzu pickup truck which had been burglarized. Since the victim was out of town, the deputy spoke to the victim's father. When the victim, Jeff Thornton, returned, he provided a list of stolen items The list included a Kenwood AM/FM/CD player, Kenwood speakers, a linear (sic) amplifier, and two black tuxedos. During the investigation of the crime scene, a fingerprint was lifted from the suspected entry point on the vehicle.
Thornton testified he learned his vehicle had been burglarized upon his return. He had not given anyone permission to take the items from his truck and confirmed the list of items stolen.
With respect to count four of the bill of information, the state presented the testimony of Detective Mark Mayshaw and Jeremy Shannon Boyce (Mr. Boyce).
Mr. Boyce testified that his truck had been burglarized and the radio system and other items were removed. The items taken included a radio, a tape player, a set of speakers, an amplifier, and a cassette box full of tapes. Again, Mr. Boyce had not given anyone permission to enter his truck or to remove these items.
Detective Mayshaw testified that he investigated the vehicle burglary crime scene. When the truck was found, the window was rolled down, and the stereo equipment had been removed carefully. One fingerprint was recovered from the glass at the point of entry.
The trial court qualified Sergeant Brian Newcomer ("Newcomer") as an expert in fingerprint identification. Newcomer indicated that he had taken finger and palm prints of the defendant. He testified that he matched the prints he took of the defendant's fingers and palms (S5 and S5A) with the prints recovered from the four charged offenses. The prints recovered from the scenes of the four charged offenses (S1-S4) matched prints of the defendant.
Sergeant Jay Via testified that he interviewed Robinson regarding the charged offenses. Robinson told the sergeant that it was his idea to commit the car burglaries, and he did in fact commit the burglaries. Robinson stated that he had not worn anything to protect his hands or shield them from leaving any prints at the scene of the crimes. He further indicated that some of the items could be found at his residence, at his mother's home, and in the car he was driving when the police stopped him. Robinson executed a consent to search for his residence and vehicle. Three days following the initial interview, Sergeant Via interviewed the defendant again. Robinson reiterated his previous statements.
During the search of the defendant's residence, an Emerson microwave similar to the one reported stolen in count one was found, but because the serial number plate had been removed no attempt was made to have the item positively identified by the victim of the residential robbery.

Analysis (Counts One-Four)
The state presented sufficient evidence to convict the defendant of the charged offenses. In each burglary, Robinson's prints were found at the scene after the crime had been reported by the victim. Robinson had not been given permission to enter or remove any items from the vehicles or the residence by the owners. Additionally, the defendant *611 admitted his involvement in the car burglaries, and his statements were corroborated by other physical evidence (prints) from the scene of each crime.

Count One
Robinson argues that the state failed to present sufficient evidence to connect him to the residential burglary, only that he had been at the residence. This argument lacks merit. Both the owner and the temporary occupant of the house stated that they did not know Robinson nor had they ever invited him to the home. The defendant's prints were found after the victims reported items had been stolen. There was evidence of forced entry and various items had been removed from the house. Robinson was not a guest in the home, he did not have permission to enter, and various items were missing prior to his prints being found, it is reasonable for a trier of fact to infer that the defendant was responsible for the burglary of the house.

Count Two
Regarding count two, Robinson contends no items were taken from the car. Contrary to his argument, the victim reported that a hubcap or hubcap rim was missing from her car on the day she reported the burglary. The officers who investigated the crime also testified that the piece was missing. This issue is a question of fact that is left for determination by the trier of fact. However, it was not necessary for a theft to have actually occurred for a burglary conviction. State v. Hall, supra; State v. Hooker, supra. An inference that a theft was intended can be drawn from the facts. The victim's car had been forcibly entered, the steering column had been damaged, and the contents of the car had been rifled through. Combining these facts with the defendant's confession, and his prints found at the scene, the state presented sufficient evidence to convict the defendant of the charged offense.

Count Three
Robinson alleges that the state was obligated to provide the correct date of the charged offense since the date was included in the bill of information. He concedes that the date is not an essential element of burglary. However, he claims he was prejudiced because he was not accurately informed of the nature and cause of the accusation against him as a result of an incorrect date alleged in the bill of information.
The state contends that Robinson was not prejudiced by the date contained in the bill of information inasmuch as he received discovery containing the police report with the date the burglary was reported. Further, the state alleges that the "on or about" language is legally permissible and commonly used.
La.C.Cr.P. art. 468. Date and time states:
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.
Official comments to the article indicate:
(b) [A] robbery, burglary, or theft indictment need not state the date or time of the crime.
In State v. Gerard, 627 So.2d 174 (La. 1993), the Louisiana Supreme Court held:
Date and time are not essential elements of burglary, and a bill of information charging that the offense occurred "on or about" a certain date is valid, State v. Guillot, 200 La. 935, 9 So.2d 235 (1942), especially when a date "reasonably near is established." United States v. Nersesian, 824 F.2d 1294, 1323 (2d Cir.1987), cert. denied, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); see also United States v. Reed, 887 F.2d 1398 (11th Cir.1989); United States v. Creamer, 721 F.2d 342 (11th Cir.1983). In many jurisdictions, *612 proof that the offense has occurred at any time within the statutory limits on prosecution and before the filing of the indictment appears sufficient to sustain the validity of the indictment, no matter what date the state has alleged in its formal charge. See 3 C.E. Torcia, Wharton's Criminal Procedure, Sec. 511 (12th ed.1975).
The bill of information, count three, lists the date the crime was committed as "On or About 15 Sept 1992." During the trial, the officer who investigated the crime stated he discovered the vehicle had been burglarized on September 21, 1992, while he was working on several other vehicle burglaries that had recently occurred in the area. The victim indicated that he left on September 19, 1992, and learned his vehicle had been burglarized upon his return. The discrepancy between the "on or about" date contained in the bill of information and the date the burglary was reported is six days. The date the crime was reported is reasonably near the date contained in the bill of information, and defendant fails to show how he was prejudiced by the date contained in the bill of information.
This argument lacks merit.

Assignment of Error # 3: The sentence was excessive.
Robinson argues that the combined sentences of 22 years for the four counts of simple burglary is excessive. He argues that the sentences should not have been consecutive. The state contends that the consecutive sentences are not excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The goal of La.C.Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Henton, 28,576 (La.App.2d Cir. 9/25/96), 682 So.2d 777.
The trial court sentenced Robinson on October 9, 1995. For count one, the trial court sentenced Robinson to 120 months (10 years) at hard labor. In counts two-four, the court sentenced Robinson to 48 months (4 years) at hard labor for each count. All of the sentences were to be served consecutively, and the sentences are to be consecutive to a sentence (6 years) the defendant was serving in another case. The defendant was given credit for time served.
The trial judge indicated that he relied on the sentencing guidelines for imposing the sentence. The Felony Sentencing Guidelines were repealed by La. Acts 1995, No. 942, § 3, effective August 15, 1995. Therefore, they *613 were not in effect at the time of the defendant's sentencing on October 9, 1995. The trial judge stated for the record that the sentencing guidelines placed the defendant in grid cell four A. Other than this information, the trial judge provided no justification for the defendant's sentences. However, the record does provide sufficient justification for the defendant's sentences.
The presentence investigation (PSI) indicates that Robinson is a third felony offender with a "juvenile record of some significance." His previous convictions were for several counts of simple burglary. At the time of his conviction for the instant offenses, Robinson awaited trial for 5 counts of simple burglary and 23 counts of unauthorized entry. The trial court revoked his previous probation for simple burglary because of new felony charges (simple burglary). Additionally, Robinson did confess his involvement in the instant crimes stated that he was responsible for the idea to commit the burglaries.
The PSI indicates that Robinson left school at the age of 16, after completing the 10th grade. He has two children with his live-in girlfriend. He has not maintained employment for any significant length of time. The defendant is listed as being in good health, and denied any type of substance abuse or prior treatment.
When we consider Robinson's background, the sentences are not excessive. The record provides an adequate factual basis for the defendant sentences. Robinson is a third felony offender who has been charged with numerous counts of simple burglary. All of his convictions have been for simple burglary. The record indicates that the defendant was the main instigator in committing the instant crimes, and at the time of this conviction, he had simple burglary charges pending against him. He has little education, and has not maintained steady employment.
Next, we consider whether the sentence is constitutionally excessive considering the circumstances of the case and the background of the defendant. Robinson's sentences are not constitutionally excessive. He is a third felony offender who had a combined sentencing exposure of 48 years. Robinson received a combined sentence of 22 years. In light of the defendant's continuous participation in simple burglaries while on probation for the same offense, admitting he was the instigator of the burglaries, and the fact that the combined sentences are less than half of the possible sentencing exposure, we conclude that the defendant's sentences are not excessive.

Consecutive nature of Sentences
Art. 883. Concurrent and consecutive sentences
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). Concurrent sentences arising out of a single cause of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993); State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Williams, 445 So.2d 1171 (La.1984); State v. Mills, 505 So.2d 933 (La. App. 2d Cir.), writ denied, 508 So.2d 65 (1987).
The trial court expressly stated its reasons for imposing consecutive sentences citing the significant economic losses to the victims, Robinson's consistent involvement in similar offenses not considered as part of the defendant's criminal history (sentencing guidelines) or part of a multiple offender adjudication. When we consider Robinson's *614 background in its totality, the trial court did not abuse its discretion in sentencing the defendant to consecutive sentences. The trial court did indicate for the record the reason for imposing such sentences. The consecutive sentences are not excessive.
This assignment of error is without merit.

Assignment of Error # 5: The court erred in sustaining certain state's objections to defendant's cross examination of Sergeant Via.

Assignment of Error # 7: The court erred in denying defendant's right of confrontation of state's witness. Defendant's right of cross examination of Sergeant Jay Via was severely curtailed, prejudicing the defendant and denying him a right to a fair trial.
The defendant contends that his right to cross-examination was limited by the trial court when the trial judge limited the defense counsel's questions regarding items stolen or recovered in connection with the charged offenses. The state argues that the defendant's rights were not limited on cross-examination, and the trial judge's action merely prevented the defense counsel from soliciting impermissible information from the witness.
The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Hillard, 398 So.2d 1057 (La.1981). Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. State v. Hillard, supra. However, its scope is not without limit. State v. Hattaway, 28,060 (La.App.2d Cir. 5/8/96), 674 So.2d 380.[T]he scope and extent of cross-examination, is within the discretion of the trial judge, whose rulings will not be disturbed in the absence of an abuse of discretion. State v. Garrison, 400 So.2d 874 (La. 1981). The court shall exercise reasonable control over the mode and order of interrogating witnesses so as to make the interrogation and presentation effective for the ascertainment of truth. La. C.E. art. 611 A(1); State v. Huff, 27,212 (La.App.2d Cir. 8/23/95), 660 So.2d 529.
A conviction will not be overturned due to the court's limitation of the cross-examination of a witness unless the defendant shows that he suffered prejudice. State v. Evans, 27,750 (La.App.2d Cir. 2/28/96), 669 So.2d 719; State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992).
During the cross-examination of Sergeant Via, defense counsel asked if any items reported stolen in the charged offenses had been recovered. Sergeant Via initially stated some Kenwood amplifiers were found, but then stated a microwave believed to have been stolen during the burglary charged in count one was recovered. Sergeant Via stated "I can't tell you one specific item because there was (sic) a lot of items that were recovered." The defense counsel then wanted to read a list of the items stolen to compare with the list of items recovered. At this time the state objected, and a bench conference was held. The jury was then removed and a lengthy discussion relating to this issue was held.
The defense counsel indicated that he was attempting to demonstrate to the jury that none of the items, besides a microwave not positively identified, had been recovered. The defense counsel maintained that because of the items mentioned, Kenwood amplifiers, he should be allowed to question the witness regarding individual items.
During the discussion the court questioned the witness regarding items which had been recovered.
The witness stated:
The way that I would have to answer your question and I'm not being vague, you had asked whether items were recovered and I mentioned Kenwood stereo equipment. We were not able to positively identify all of the Kenwood stereo equipment which was consistent with the burglaries that were reported on these cases. It's very possible one of those items could be those items, but we have not got a positive identification. That's the reason I testified the only thing that I knew of was the microwave.
*615 Later during the discussion, after the state and the court attempted to provide alternate ways for the defense counsel to have his questions phrased, the defense counsel stated:
"Your Honor, if I'm allowed to ask it again and qualify Mr. Via's answer I think that will be barely sufficient, but sufficient."
The defense counsel asked the court to instruct the jury regarding the items that had been recovered. The court stated, "That's what you have closing arguments for." Defense counsel stated the damage had already occurred by mentioning the Kenwood stereo. The court replied "Well, you need to try to clear it up on cross examination is what you need to do." Again, the defense counsel requested to be allowed to question the witness regarding individual items that were reported stolen. The court indicated the counsel could ask a general question regarding what stolen items had been recovered. Defense counsel's objection was noted for the record.
The trial court did not abuse its discretion in limiting the defendant's cross-examination of the witness. In this situation, the defendant attempted to question the witness regarding each individual item that had been reported stolen in the four charged offenses. The Kenwood stereo equipment had not been properly identified as being connected with the four charged offenses. The witness did correct his testimony by stating that a microwave was the only item recovered. Consistently thereafter, the witness indicated that the microwave was the only item recovered connected with the charged offenses.
After a lengthy discussion regarding this issue, the defense counsel resumed questioning of the witness who reiterated what was recovered, but no further mention was made of the Kenwood stereo equipment. The defense counsel's inability to question the witness regarding the individual items was not prejudicial. The defense counsel achieved his end, having the witness indicate that no other items were recovered, by a more efficient questioning process which prevented the possibility of other crimes evidence being admitted. Robinson fails to state specifically any prejudice as a result of the limited cross-examination.
This assignment of error is without merit.

Assignment of Error # 6: The court erred in allowing evidence of other crimes to be admitted in violation of Prieur.
Robinson asserts the trial court erred in allowing the admission of other crimes evidence when a state witness testified that speakers were recovered from the defendant's possession, when in fact, the speakers were not related with the charged offenses. The state counters that the testimony was not other crimes evidence and that the witness' remarks were in response to defense questioning.
An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (1990); State v. Bosley, 29,253 (La.App.2d Cir. 4/2/97), 691 So.2d 347; La.C.Cr.P. art. 841.
During the trial, the defense counsel failed to make an objection regarding admission of other crimes evidence. As discussed above, the only objection made regarding this issue was that the court was unduly limiting the defendant's right to cross-examine the witness.
This assignment of error is without merit.
The defendant's argument stretches the facts of this issue. During cross-examination of a state witness, Sergeant Via, defense counsel asked a question regarding items that had been recovered from the charged offenses. Sergeant Via initially stated Kenwood stereo equipment had been recovered, but later stated that a microwave was the only item recovered that was identifiable with the charged offenses. Robinson argues that mention of the stereo equipment was an admission of other crimes evidence.
The brief mention of the seizure of the stereo equipment does not amount to admission of other crimes evidence. There is not proof that the jury would infer that the defendant had committed crimes other than the charged offenses because of the mention of the stereo equipment. Further, the response *616 was as a result of defense questioning, and the witness later explained the reasoning for his response.
This assignment of error is without merit.

Assignment of Error # 8: The trial court erred in denying the defendant's motion for a new trial.
Lastly, Robinson contends that the trial court should have granted a new trial based on the arguments made in assignments of error one, and four through seven. The state counters that the defendant failed to show any prejudicial error, and that the trial court did not abuse its discretion in failing to grant the motion for new trial.
La.C.Cr.P. art. 851(1) provides that the court shall grant a motion for new trial whenever the verdict is contrary to the law and the evidence, i.e., that the evidence was insufficient to sustain the conviction. A motion for new trial presents only the issue of the weight of the evidence. The denial of a motion for new trial is subject to neither the appellate nor supervisory jurisdiction of the court of appeal except for error of law. La. C.Cr.P. art. 858; State v. Wilson, 27,889 (La.App.2d Cir. 4/8/96), 672 So.2d 448. The decision on the motion rests within the sound discretion of the trial court and the ruling will not be disturbed on appeal absent a clear showing of abuse. State v. Quimby, 419 So.2d 951 (La.1982); State v. McLemore, 26,106 (La.App.2d Cir. 6/24/94), 640 So.2d 847, cert. denied, 647 So.2d 1107 (La.1994). The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments. State v. Gipson, 28,113 (La.App.2d Cir. 6/26/96), 677 So.2d 544. As a general rule, the motion will be denied unless injustice has been done. La. C.Cr.P. art. 851; State v. McLemore, supra.
A portion of the defendant's position centers around the sufficiency of evidence, an issue that should be posed by a motion for post-verdict acquittal. See La.C.Cr.P. art. 821. Robinson failed to file such a motion; however, the sufficiency of evidence argument has been discussed above. Likewise, the other complaints within defendant's motion pertained to issues raised in assignments four through seven, all have been previously discussed and found to be without merit.
The district court, properly resolved the matter considering the above discussions.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and sentence of Darrell A. Robinson are affirmed.
AFFIRMED.
HIGHTOWER, J., concurs.
HIGHTOWER, Judge, concurring.
See concurrence in State v. Bosley, 29,253 (La.App.2d Cir. 04/02/97), 691 So.2d 347.