[.BROWN, J„
Defendant, Paul V. Craig, was convicted by a jury of simple burglary and sentenced as a third felony offender to 12 years at hard labor. We affirm.
DISCUSSION

Sufficiency of Evidence

The Fifth Amendment to the U.S. Constitution provides that no person shall be “deprived of life, liberty, or property without due process of law.” The Fourteenth Amendment imposes the same due process requirement on the states. Implicit in the due process clause is the protection of an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); State v. Goodjoint, 30,727 (La.App.2d Cir.06/24/98), 716 So.2d 139. Thus, an accused is entitled to an appellate review of the evidence to the extent that it supports a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. La.C.Cr.P. art. 821. Jackson v. Virginia, supra; State v. Goodjoint, supra; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
I. Defendant argues that the evidence did not prove that he was the perpetrator of the offense.
On July 27, 1995, at approximately 10:00 p.m., Mark Thomas and Steve Shipp apprehended defendant while he was inside the cab of Thomas’s truck in the parking lot of the Seasons Apartments in Shreveport. Defendant was leaning |2under the dash, apparently attempting to hotwire the vehicle. Using a cordless telephone the victim called the police. Defendant then told Officer Smith, who responded to the call, that someone, whom he would not identify, had brought him to the location to collect money from Thomas. Defendant further stated that Thomas denied owing any money so defendant attempted to take the truck as an “act as for hire.”
The next day, defendant told Detective Jones of the Shreveport Police Department that he went to Thomas’s apartment to obtain money for a debt or to inflict bodily harm on Thomas if the debt was not paid. Defendant further stated that be *606 cause Thomas did not pay, he attempted to take Thomas’s truck.
The defense chose not to present any evidence. Defendant was identified by Shipp, Thomas and Officer Smith as the person who was apprehended on the night in question. This testimony is clearly sufficient to establish that defendant was the perpetrator of the offense.
II. Defendant claims that the evidence proved only an attempted theft.
Theft is the misappropriation or taking of anything of value which belongs to another, without their consent and with the intent to permanently deprive the other of that thing. La. R.S. 14:67.
The general attempt provision of the criminal code, La. R.S. 14:27, embraces the attempt to commit any crime, whether felony or misdemeanor. One purpose is to punish actors who, as in this case, are apprehended before they complete the crime. For a defendant to be guilty of an attempt, the prosecution has to prove a “specific intent” to commit a crime and an “overt act” directed toward that end.
| c¡A violation of La. R.S. 14:62, simple burglary, occurs when a person enters into a structure (a vehicle is explicitly included) without authority and with the specific intent to commit a felony or theft therein. State v. Robinson, 29,488 (La. App.2d Cir.06/18/97), 697 So.2d 607; State v. Mitchell, 96-207 (La.App. 3d Cir.10/09/96), 684 So.2d 6. Simple burglary has substantial inchoate or incomplete elements, i.e., an unauthorized entering of a vehicle with the intent to commit a theft therein. If the intent is present, an actual theft does not have to be consummated. In this respect, simple burglary is also an attempted theft.
In the instant case, defendant broke into a truck without permission with the intent to steal it. He was caught inside the truck. Under simple burglary, defendant faced a maximum penalty of 12 years regardless of the value of the vehicle. Defendant alleges that the truck was worth less than $500. The maximum penalty for a theft with the value under $500 is two years. An attempt would be one/half of that or one year. The habitual offender law increased the exposure to not less than two-thirds nor more than twice the maximum term. La. R.S. 15:529.1.
Whether an actor is charged with attempted theft or simple burglary is within the discretion of the prosecuting authority. That the prosecution could have chosen to charge defendant with attempted theft is of no moment. It is not unusual that an accused’s conduct falls within the definition of more than one criminal statute with significant differences in penalties. The district attorney has the sole discretion to choose under which law he will prosecute. See United States v. Batchelder, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); La. R.S. 14:4; La. C.Cr.P. art. 61; State v. Walters, 440 So.2d 115 (La.1983); State v. Flores, 27,736 (La. App.2d Cir.02/28/96), 669 So.2d 646.
Defendant further argues that he could not have committed a simple burglary because the evidence only showed that he was trying to steal the vehicle, |4not commit a felony or theft “therein.” While defendant poses an interesting question, i.e., whether the theft or attempted theft of an entire movable constitutes a theft therein, the fact remains that if someone is inside a vehicle attempting to steal that vehicle, his intent is to commit a theft therein, not only of the contents but of the vehicle itself. See State v. Augustus, 93-406 (La.App. 5th Cir.02/23/94), 633 So.2d 783; State v. Pierce, 450 So.2d 730 (La. App. 5th Cir.1984).

Motion for Mistrial

Defendant contends that the trial court should have granted a mistrial when Officer Smith insinuated that defendant normally wears jail clothes. During the trial, the following colloquy occurred between the prosecutor and Officer Smith:
*607 Q. Officer, now that you’ve had a better look at Mr. Craig, how do you feel about your identification today?
A. It’s definitely the person that was in the vehicle.
Q. Okay. And why is it that you’re more sure today than you were yesterday?
A. Well, because as I was seated in the courtroom and Mr. Craig walked in in a different attire than what the regular issued clothing that he has worn from the past—
Defendant objected to the testimony and moved for a mistrial. The trial court found that a mistrial was not warranted. Defendant declined the court’s offer of an admonition to the jury because he was of the opinion that it would only serve to reinforce in the minds of the jury the comment that was made by the witness.
The officer’s remarks were not shown to be a pattern of unresponsive answers or to have improper intent. Furthermore, the officer’s answer did not reference other crimes committed or alleged to have been committed by the defendant. This case is similar to State v. Johnson, 343 So.2d 155 (La.1977), wherein the supreme court found that a reference to defendant’s imprisonment did not warrant a mistrial because the statements complained of “merely drew attention to a prominent fact of the trial — that defendant had been formally | Raccused of the crime for which he was being tried.” The supreme court held in Johnson that the trial court’s admonition to the jury that it should not be prejudiced by the fact of defendant’s incarceration, was the most that could be done to counteract any latent bias. In the instant case, defendant was offered and refused curative action in the form of an admonition by the court. See also State v. Singleton, 98-387 (La.App. 5th Cir.10/28/98), 723 So.2d 484; State v. Campbell, 96-209 (La.App. 3d Cir.11/06/96), 683 So.2d 1302; State v. Brown, 95-0755 (La.App. 1st Cir.06/28/96), 677 So.2d 1057; State v. Feet, 481 So.2d 667 (La.App. 1st Cir.1985). There was no error in refusing to grant defendant a mistrial.

Motion to Quash

Defendant contends that his trial was not commenced timely. He was arrested on July 27, 1995 and remained incarcerated until the date of his trial on February 23,1998.
La.C.Cr.P. art. 578 provides in part:
Except as otherwise provided in this Chapter, no trial shall be commenced: (2) In other felony cases after two years from the date of institution of the prosecution;
La.C.Cr.P. art. 934(7) defines “institution of prosecution” as the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial.
La.C.Cr.P. art. 581 provides in part:
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
La.C.Cr.P. art. 580 provides that when a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by |fiArticle 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence trial.
In State v. Melon, 95-2209 (La.09/22/95), 660 So.2d 466, the supreme court directed that the lower courts must also accept and consider pro-se filings from represented defendants in a preverdict context whenever doing so will not lead to confusion at trial.
The original bill of information was filed December 12, 1995 and more than two years passed before the trial commenced on February 23, 1998. In such circumstances, the burden shifts to the state to establish either an interruption *608 or a suspension of the time limit. State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284, 1286; State v. Cranmer, 306 So.2d 698 (La.1975); State v. Creel, 525 So.2d 734, 735 (La.App. 1st Cir.1988).
Defendant filed a pro-se motion to quash the bill of information on January 31, 1996. This action by defendant, pursuant to State v. Melon, supra, suspended the running of time. This motion was considered pending until it was abandoned on the date of trial, February 23, 1998. Thus, the running of time was suspended from January 31, 1996 until February 23, 1998, when the motion was abandoned.[1]
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed.

. Defendant's argument that La.C.Cr.P. art. 701 has been violated because the bill of information was not filed 60 days from his arrest became moot when he was tried and convicted. State v. Hebert, 29,062 (La.App.2d Cir.01/22/97), 688 So.2d 612 (citations omitted). Further, because of our ruling concerning the suspension of prescription by the prose motion to quash, the argument that the two year time limit started the day of arrest is also moot.