Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,606-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                        Appellee

versus

RANDOLPH W. MYRICK                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 378,409

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                     Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
TRINICIA S. LEONARD
JASON WAYNE WALTMAN
VICTORIA T. WASHINGTON
Assistant District Attorneys

* * * * *

Before STONE, COX, and THOMPSON, JJ.

**STONE, J.**

This criminal appeal arises from the First Judicial District Court, the Honorable Judge Donald E. Hathaway, Jr., presiding. The defendant, Randolph W. Myrick ("defendant"), was charged with simple burglary, in violation of La. R.S. 14:62. A unanimous jury found the defendant guilty as charged. The defendant was sentenced to 12 years imprisonment at hard labor, to run consecutively with any other sentence, and he was ordered to pay a fine of $50 through inmate banking. The defendant now appeals his conviction and sentence, arguing that the state failed to sufficiently prove that he was guilty of simple burglary and that his sentence is excessive. Based on the following reasons, we affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On September 2, 2020, at approximately 11:00 p.m., Cpl. Shelia Taylor ("Cpl. Taylor"), of the Shreveport Police Department ("SPD") was patrolling and checking on businesses in the area of Greenwood Road when she noticed a lunch box on a bench outside of Bos-Man's Barbershop. She stopped her patrol car and shined a spotlight in the direction of the barbershop. Cpl. Taylor observed a large section of glass broken on the ground as well as the front door of the barbershop open. While attempting to notify dispatch, she saw someone run out of the store. She activated the lights and siren of her patrol car and pursued the defendant. After a five-minute chase, the defendant fell to the ground, and Cpl. Taylor arrested him. She advised him of his rights per *Miranda*, searched him, and discovered coins and a cigarette lighter on his person. The defendant was wearing eye glasses, a red bandana, a ball cap, a shirt and was in the process of removing

gloves from his hands when he was caught. Other SPD officers arrived on the scene, and the owner, Shawn Boston ("Boston") was contacted.

Boston arrived shortly thereafter, and he and Cpl. Taylor entered the barbershop together. As Cpl. Taylor was capturing pictures of the crime scene, she questioned Boston about the various tools on the floor next to the vending machine, specifically, a tire wrench, pliers, flashlights, and a maul. SPD determined that none of the tools belonged to Boston. The vending machine appeared to be pried open and coins were found on the floor near it.

On September 28, 2020, the defendant was charged by bill of information with one count of simple burglary in violation of La. R.S. 14:62, and he elected to have a jury trial. The state called Cpl. Taylor, Boston, and Officer Xiomara Clement to testify. Cpl. Taylor was the first witness to testify, and she identified the defendant as the offender. She testified that the defendant was the only person she saw around or near the barbershop that night and all the businesses nearby were closed. Cpl. Taylor revealed that when the lights and sirens are activated on the patrol car, the camera inside the vehicle will start recording. The video recording of the incident was introduced as evidence and played for the jury. During her testimony, Cpl. Taylor confirmed that the content of the video footage was accurate and had not been altered. Also, the pictures taken from the barbershop were introduced as exhibits, and she identified various items in the pictures.

Boston testified that the barbershop was not damaged before it closed at 5:45 p.m. the day of the incident; he also testified that the front door and side door were locked. He further testified that he received a phone call from his alarm company at 11:04 p.m. informing him that the alarm to his shop had been triggered; he informed them not to dispatch the police to the shop

2

because he is from that area and would just drive to his barbershop to check things himself. Boston recalled that on the drive to the shop, he received a phone call informing him that someone had broken into his barbershop. Boston further testified that when he arrived at the shop, he saw that the front door glass was broken and law enforcement had the defendant in custody. He testified that he did not know the defendant. Boston identified the defendant as the offender and denied that the tire wrench, pliers, flashlights, and a maul found on the scene belonged to him. Additionally, Boston testified that the burglary rendered the vending machine inoperable, and the cost to replace it totaled $4,966. He further testified that he paid $811.44 to repair the broken window and an additional $150 to securely board the shop until repairs could be completed.

At the conclusion of the trial, the defendant was found guilty of simple burglary. The defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal, both of which were denied without a hearing. The defendant was sentenced to 12 years of imprisonment at hard labor, to run consecutively with any other sentence, and he was ordered to pay a fine of $50 through inmate banking. On August 19, 2021, the defendant filed a motion to reconsider sentence. The defendant now appeals his conviction and sentence, urging the following assignments of error: (1) insufficiency of the evidence to support his conviction; and (2) the trial court imposed an excessive sentence.

## DISCUSSION

**Sufficiency of evidence**

In his first assignment of error, the defendant argues that the state presented insufficient evidence at trial to prove beyond a reasonable doubt

3

that he committed simple burglary. The defendant contends that the state proved that the defendant committed unauthorized entry, but failed to prove that he intended to commit a felony or theft therein. Furthermore, the defendant asserts that the state did not present any fingerprints or DNA evidence to link him to the burglary tools, barbershop, vending machine, or the lunch box.

The state argues that the evidence established that: (1) an alert officer caught the defendant in the act of burglarizing the barbershop; (2) the defendant fled the scene and was apprehended by the officer after a short chase; (3) the defendant was attempting to remove gloves from his hands when he was stopped by the officer; (4) there was evidence of a forced entry; (5) burglary tools were found inside the barbershop near the damaged vending machine; (6) coins were scattered on the floor near the vending machine; (7) no one else was in the vicinity; and (8) the barbershop owner did not know the defendant.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Leger*, 17-2084 (La. 6/26/19), 284 So. 3d 609; *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20), 293 So. 3d 708, *writ denied*, 20-00628 (La. 11/18/20), 304 So. 3d 416. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the

4

evidence for that of the factfinder. *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224, *writ denied*, 17-2174 (La. 10/8/18), 253 So. 3d 797. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Dale*, 50,195 (La. App. 2 Cir. 11/18/15), 180 So. 3d 528, *writ denied*, 15-2291 (La. 4/4/16), 190 So. 3d 1203. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16), 209 So. 3d 228, *writ denied*, 17-0164 (La. 9/22/17), 227 So. 3d 827; *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 2009-0725 (La. 12/11/09), 23 So. 3d 913.

In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. *State v. Elkins*, 48,972 (La. App. 2 Cir. 4/9/14), 138 So. 3d 769, *writ denied*, 14-0992 (La. 12/8/14), 153 So. 3d 438. The *Jackson*, *supra*, standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential

5

element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Mingo*, 51,647 (La. App. 2 Cir. 9/27/17), 244 So. 3d 629, *writ-denied*, 17-1894 (La. 6/1/18), 243 So. 3d 1064; *State v. Ward*, *supra*. To convict a defendant based upon circumstantial evidence, every reasonable hypothesis of innocence must be excluded. La. R.S. 15:438; *State v. Johnston*, 53,981 (La. App. 2 Cir. 9/22/21), 326 So. 3d 970.

When a defendant claims he was not the person who committed the offense, the *Jackson* standard requires that the prosecution negate any reasonable probability of misidentification. *State v. Taylor*, 53,934 (La. App. 2 Cir. 5/5/21), 321 So. 3d 486; *State v. Green*, 38,335 (La. App. 2 Cir. 5/12/04), 873 So. 2d 889, *writ denied*, 04-1795 (La. 11/24/04), 888 So. 2d 227. Positive identification by one eyewitness or victim may suffice to support a conviction. *State v. Taylor*, *supra*.

At the time of the commission of the alleged simple burglary, La. R.S. 14:62 stated, in pertinent part:

> A. Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure… with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.
>
> B. Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.

In order to satisfy the unauthorized entry element, the state must prove that the defendant did not have permission to enter the premises. *State v. Schnyder*, 06-29 (La. App. 5 Cir. 6/28/06), 937 So. 2d 396. Simple burglary occurs when a person enters a structure without authority and with the specific intent to commit a felony or theft therein. *State v. Craig,* 32,209 (La. App. 2 Cir. 8/18/99), 747 So.2d 604. Specific criminal intent

6

is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). The trier of fact determines whether the requisite specific intent is present in a case. *State v. Wright,* 36,635 (La. App. 2 Cir. 3/7/03), 840 So.2d 1271. Specific intent may be inferred from the circumstances, and a taking is not required to prove the offender's specific intent. *Id.* So long as the intent is present, the theft need not be consummated to satisfy the elements of the offense. *State v. Craig, supra.*

Viewing the evidence in the light most favorable to the prosecution, we find that the state presented sufficient evidence at trial for a reasonable jury to convict the defendant of simple burglary. The barbershop is a structure, and the defendant gained unauthorized entry into the structure by breaking the glass. The evidence established that the defendant did not have permission to enter the premises, and the owner did not know him. The defendant damaged the vending machine that made it inoperative and a new one cost $4,966; also, it cost $811.44 to repair the broken window and an additional $150 to securely board the shop until repair could be completed. The jury could reasonably infer that the defendant had intent to commit a felony or theft therein when he broke the front door of the barbershop at 11 p.m. at night and broke into the vending machine. This inference is especially reasonable because the defendant entered the barbershop with a tire wrench, pliers, flashlights, and a maul; this shows he had the requisite intent to break into something.

Furthermore, the jury heard Cpl. Taylor's testimony that the defendant was the only person around the barbershop that night and all the businesses were closed; she testified that when she shined the spotlight on the

barbershop, the defendant ran out of the shop and continued to flee from the scene. The video from the patrol car was played for the jury in court and showed the events recounted by Cpl. Taylor. All three of the state's witnesses identified the defendant as the offender. As to the lack of DNA or fingerprint evidence, a rational trier of fact could conclude that the evidence established the defendant's guilt beyond a reasonable doubt regardless. This assignment of error lacks merit and is rejected.

**Excessive Sentence**

In his second assignment of error, the defendant argues that the trial court imposed an excessive sentence. The state urges that the maximum sentence of 12 years is necessary because the defendant has an extensive criminal history dating back to 1994 of arrests and convictions for simple burglaries and similar offenses.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with

8

La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra.* The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, an appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, *supra; State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more

9

appropriate. *State v. Cook*, 95-2784 (La. 5/31/96) 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Meadows*, *supra*. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra*. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, *supra; State v. West*, *supra*; *State v. Valadez*, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.,* 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied,* 20-00307 (La. 9/8/20), 301 So. 3d 30.

At the sentencing hearing, the trial court complied with La. C.Cr.P. art. 894.1. The trial court found that there is an undue risk that during the period of a suspended sentence or probation that the defendant will commit another crime; the defendant is in need of correctional treatment or a

10

custodial environment that can be provided most effectively by his commitment to an institution; and a lesser sentence will deprecate the seriousness of the defendant's crime. The court did not find any aggravating or mitigating circumstances in the article applicable to the defendant. We find that there was adequate compliance with La. C.Cr.P. art. 894.1.

As to the second prong of the excessive-sentence test, the sentence of 12 years at hard labor for simple burglary is not constitutionally excessive. The sentence is not out of proportion to the seriousness of the offenses and does not purposely and needlessly inflict pain and suffering. The sentence does not shock the sense of justice. The maximum sentence is supported by the record. The defendant has a vast history of arrests and convictions.[1] He has been convicted twice for illegal possession of stolen things and five times for simple burglary from 1994 to present. The defendant is the worst offender because he has persisted in the same criminal endeavors for over 25 years, specifically simple burglary. Furthermore, it was within the trial court's discretion to sentence him to the maximum sentence. This assignment of error lacks merit and is rejected.

---

[1] On March 24, 1994, the defendant was arrested for theft and illegal possession of stolen things; he was convicted on May 2, 1994, for illegal possession of stolen things and received probation. On August 10, 1997, the defendant was arrested for theft and arrested for simple burglary on June 30, 2007. Yet again, the defendant was arrested for simple burglary of an inhabited dwelling and illegal possession of stolen things on May 30, 2009; he was convicted on September 22, 2009. He was sentenced to 5 years at hard labor for the simple burglary charge and received probation for the illegal possession of stolen things charge. While on probation for illegal possession of stolen things, the defendant was arrested for simple burglary on July 31, 2011 and his parole was revoked; the defendant was convicted November 09, 2011. Additionally, he was arrested on January 9, 2017, for simple burglary and convicted on April 03, 2017. On February 23, 2018, the defendant was arrested for unauthorized entry of a place of business and sentenced 45 days with credit for time served. Furthermore, on November 12, 2018, he was arrested for simple burglary and convicted on September 9, 2019.

## CONCLUSION

For the forgoing reasons, we affirm the defendant's conviction and sentence for simple burglary.

**CONVICTION AND SENTENCE AFFIRMED.**