892 So.2d 641 (2004)
STATE of Louisiana
v.
Mark D. PITTMAN.
No. 04-KA-705.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*642 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, James W. Adair, Martin A. Belanger, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
James A. Williams, Butch Wilson, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Mark Pittman, was convicted of distribution of cocaine in violation of La. R.S. 40:967(A). Thereafter, the State filed a multiple offender bill of information alleging defendant to be a fourth felony offender, to which the defendant pled guilty. His original sentence was vacated and an enhanced sentence of twenty years without the benefit of probation or suspension of sentence was imposed. Defendant now appeals.
The following facts were adduced at trial. On January 24, 2000, Agent David *643 Randall, an undercover agent, posed as Christopher Walker and drove his unmarked unit to Starrett Road seeking to purchase illegal drugs. He made eye contact with a person, later identified as defendant, standing on the street corner and asked whether he had two twenties, which is street slang for two $20 pieces of crack cocaine. Defendant directed Agent Randall to meet him by a store. Agent Randall proceeded to the store and waited for defendant. Defendant approached Agent Randall and gave him two pieces of off-white rock-like objects at which time Agent Randall gave defendant $40.
Agent Randall then left the area and met with his back-up agents at a prearranged location. He turned over the two rock-like objects and the videotape from his vehicle surveillance equipment. A field test and a later lab analysis revealed the objects were cocaine.
Agent Randall and a member of the surveillance team reviewed the videotape and were unable to determine defendant's identity. As a result, Agent Randall was sent back into the area where the transaction occurred one week later in an attempt to locate defendant. Agent Randall drove through the area and located defendant. He gave the surveillance team a description of defendant's clothing and his location. Thereafter, the surveillance team approached defendant and conducted a field interview. A field identification card (FIC) was completed with defendant's name, date of birth, social security number, and physical characteristics. Additionally, a digital photograph was taken of defendant.
Agent Derrick Castine, a member of the surveillance team, subsequently compiled a photographic lineup of defendant and showed it to Agent Randall who immediately identified defendant as the person from whom he purchased narcotics on January 24, 2000.
In his allegation of error, defendant argues the trial court failed to act as a neutral arbiter as evidenced by its 1) denial of his motion in limine, and 2) curtailment of his cross-examination of Agent Randall regarding the identification issue.
"Essential to the concept of a fair trial is the requirement of complete neutrality on the part of the presiding judge." State v. Johnson, 438 So.2d 1091, 1101 (La.1983). The Louisiana Code of Judicial Conduct, Canon 3, provides in pertinent part:
(4) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, and shall not permit staff, court officials or others subject to the judge's discretion and control to do so.
When a trial judge gives the appearance of abandoning his role as a neutral arbiter, a new trial is required so as to afford the defendant a fair opportunity to have the jury decide his guilt or innocence. State v. Duplessis, 457 So.2d 604, 605 (La.1984).
Defendant argues that the trial court failed to act as a neutral arbitrator by the denial of his motion in limine regarding the FIC and field identification photograph despite the State's withdrawal of its objection to the motion.
Prior to trial, defendant filed a motion to suppress identification asserting among other things that the photographic lineup was suggestive. The matter came for hearing on September 2, 2003 at which time defense counsel stated he could not argue the motion to suppress because the State had lost the photographic lineup. Defense counsel moved to dismiss the case *644 but the trial court noted the State could proceed to trial without the photo lineup. Defense counsel reserved his right to go forward with the motion to suppress.
The morning of trial, defense counsel again noted he could not proceed with his motion to suppress because the photographic lineup was no longer available and the State had been unable to reproduce the lineup that was used. Defense counsel conceded that, as a result, the trial court could not determine the suggestiveness of the lineup. Defense counsel explained he, therefore, filed a motion in limine seeking to prevent the State's witnesses from mentioning the photo lineup. Defendant also sought to exclude any mention of the FIC (because it had been used to get defendant's name and place him in the lineup) and the photograph taken of defendant during the field interview because they were also no longer available, or lost. Essentially, defendant sought to exclude any testimony relating to an out-of-court identification of defendant.
The trial court briefly took the matter under advisement while general instructions were given to prospective jurors. When the trial court called the parties to the bench to issue its ruling, the State withdrew its objection to the exclusion of the FIC but maintained its objection to the exclusion of the photo lineup. The trial court then denied defendant's motion in limine, allowing mention of both the photographic lineup and the FIC photograph.
Defendant now claims the trial court abandoned its role as a neutral arbiter when it denied his motion in limine after the State withdrew its objection to the motion. Defendant does not challenge the correctness of the trial court's ruling in denying his motion in limine but rather challenges the trial court's neutrality in denying the motion when there was allegedly no objection.
The record does not support defendant's claim that the State withdrew its objection as to both the FIC and accompanying photo. Rather, the State withdrew its objection only as to the FIC. Additionally, contrary to defendant's claim that trial court denied his motion in limine despite the State's lack of objection, the trial court limited its ruling on the motion in limine to that portion to which the State objected, namely the photo lineup and the FIC photo. The trial court did not rule upon that portion of the motion in limine to which the State did not object and defendant did not object to the lack of ruling. Thus, there is no indication the trial court was biased or abandoned its role as a neutral arbiter in its ruling on defendant's motion in limine.
Defendant also contends the trial court failed to act as a neutral arbiter during his cross-examination of Agent Randall. Defendant argues the trial court coached Agent Randall to defendant's detriment during a bench conference allegedly within the hearing of Agent Randall. Defendant suggests Agent Randall heard the trial court's comments during the bench conference and testified accordingly.
During cross-examination, defendant asked Agent Randall how many drug buys he made on the date at issue. Agent Randall responded he normally makes two to three drug buys a day. Defendant then asked Agent Randall to describe the appearance of the other people from whom he purchased drugs on the date in question. The State objected on the grounds of relevancy. Defendant maintained the question was relevant in determining Agent Randall's recollection of the day in question and, specifically, his ability to remember defendant. The trial court ordered the parties to approach and the *645 following bench conference occurred outside the hearing of the jury:
The Court: Any time an officer testifies he's got the right to read his police report.
Defense Counsel: That's fine.
The Court: All right. So, ask him how he knows, you know. Has he said how he knows what he wore that day? I bet it's not from his independent recollection. I bet it's because he read over the police report.
Thereafter, defendant asked Agent Randall whether he had reviewed his police report and whether his recollection was based on his independent knowledge of the events from four years ago or his review of the police report. Agent Randall replied his recollection was based on both.
Defendant contends the trial court effectively "coached" Agent Randall's testimony during this bench conference. Defendant's allegation on appeal is based purely on speculation. There is absolutely no indication in the record that Agent Randall heard the bench conference. The record is devoid of any objection to the volume of the bench conference. Furthermore, it is noted defendant erroneously argues that the jury was asked to leave the courtroom prior to the bench conference and that Agent Randall was allowed to remain. The record does not reflect the jury was removed from the courtroom during the bench conference but rather reflects the bench conference was held outside the hearing of the jury.
The trial court's comments during the bench conference do not appear to be biased and do not demonstrate the trial court abandoned its role as a neutral arbiter. If anything, the trial court appeared to be helping defendant by directing his line of questioning to one that would be non-objectionable. Defendant continued to pursue his line of questioning about Agent Randall's recollection of the transaction in question and his ability or inability to specifically identify defendant as the perpetrator.
Defendant also asserts the trial court curtailed his cross-examination of Agent Randall on the issue of identity. However, defendant fails to explain how his cross-examination was curtailed. As stated above, defendant was allowed to fully explore Agent Randall's recollection and identification of defendant as the perpetrator.
We find defendant's allegation of error to be without merit.
We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and note the following.
It is unclear from the record whether the trial court advised defendant of the two-year prescriptive period for filing post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. The original commitment and the multiple bill commitment indicate defendant was advised of the prescriptive period. However, the original sentencing transcript does not reflect the trial court advised defendant of the prescriptive period. When there is an inconsistency between the transcript and the commitment, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Furthermore, the appellate record does not contain the multiple offender sentencing transcript, and therefore this Court cannot determine whether the transcript reflects that defendant was advised of the prescriptive period in that proceeding. Accordingly, we remand this case and instruct the trial court to inform defendant of the two-year prescriptive period by sending written notice to defendant within ten days after the rendition of this *646 opinion and to file written proof in the record that defendant received said notice to ensure defendant has been properly advised. State v. Cordero, 99-44 (La.App. 5 Cir. 6/1/99), 738 So.2d 84, 93, writs denied, 99-1877 and 99-1878 (La.11/24/99), 750 So.2d 981.
There is also patent error with respect to the enhanced sentence. The trial court imposed the twenty-year sentence without the benefit of probation or suspension of sentence as provided by La. R.S. 15:529.1(G) but did not impose the additional restriction of parole for the first five years as prescribed by the underlying statute. As such, defendant's enhanced sentence is illegally lenient. State v. Converse, 03-0711 (La.App. 5 Cir. 12/30/03), 864 So.2d 803, 811, writ denied, 04-0195 (La.6/4/04), 876 So.2d 74. However, under La. R.S. 15:301.1, a statute's requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating; therefore, no remedial action is necessary. State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790; State v. Converse, supra.
For the above discussed reasons, the defendant's conviction and sentence are affirmed and the matter is remanded for the trial court to inform the defendant of the two-year prescriptive period for filing post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8 by sending written notice to defendant within ten days after the rendition of this opinion and to file written proof in the record that defendant received said notice.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED