COURT OF APPEAL, THIRD CIRCUIT
P.O. Box 16577
Lake Charles LA 70616
(337) 433-9403

## NOT DESIGNATED FOR PUBLICATION

Gregg Montgomery
E. Hunt C.C.  Fox - 3B Bed 41
P.O. Box 174
St. Gabriel LA 70776

**REHEARING ACTION: February 5, 2014**

**Docket Number: 13   00819-KH**

**STATE OF LOUISIANA
VERSUS
GREGG MONTGOMERY**

**Writ Application from Calcasieu Parish Case No. 96-15288**

**BEFORE JUDGES:**

   **Hon. Sylvia R. Cooks
   Hon. Marc T. Amy
   Hon. James T. Genovese**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Gregg Montgomery** has this day been

   **DENIED.**
   Amy, J., concurs in the denial of the application for rehearing for the following reasons:

   *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), decided whether a federal court was required to follow the State of Arizona's procedural guidelines in an instance where Arizona law prohibited ineffective assistance of counsel claims from being presented on appeal and allowed only one opportunity thereafter to raise the claim.  *Martinez* held that, where justice requires, federal courts are not bound to State procedural prohibitions.  In Louisiana, ineffective assistance of trial counsel claims may be raised on appeal but can be relegated to post-conviction relief if they are not resolvable upon the appellate record; additionally, ineffective assistance of counsel claims are reviewable on post-conviction if not previously raised in an appeal.  La.Code Crim.P. art. 930.3; *State v. Runnels*, 12-167 (La.App. 3 Cir. 11/7/12), 101 So.3d 1046, *writ denied*, 13-498 (La. 7/31/13), 118 So.3d 1121. Therefore, the *Martinez* ruling does not fit within the time limitation exception set forth by La.Code Crim.P. art. 930.8(A)(2) because it does not apply to any failure on Relator's behalf to avail himself of the opportunities provided by this State to assert ineffective assistance of counsel claims in the State courts of Louisiana.

   Moreover, Relator's application for rehearing was not filed timely, and he is not entitled to rehearing in this matter because his writ application was denied by this court.  Uniform Rules—Courts of Appeal, Rules 2-18.2, 2-18.4, 2-18.7, 4-9.

cc: John Foster DeRosier, Counsel for  the Respondent