# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30124

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2017

Lyle W. Cayce
Clerk

DONALD RUNNELS,

Plaintiff-Appellant

v.

STATE OF LOUISIANA,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-2111

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Donald Runnels, Louisiana prisoner # 187611, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. In his § 1983 action, Runnels alleged that Louisiana officials falsified public records in violation of the law, arrested him on a fabricated out-of-state bail-jumping offense, engaged in a scheme to keep him illegally confined, and unlawfully

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30124

extradited him from Texas to Louisiana  He sought immediate release and monetary damages.

By moving to proceed IFP, Runnels is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Runnels has abandoned any challenge to the district court's ruling that his prayer for immediate release should have been raised in a habeas action. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Regarding his prayer for monetary damages, Runnels's confinement stems, as the district court found, from his simple burglary conviction. *See State v. Runnels*, 101 So. 3d 1046, 1049 (La. Ct. App. 2012).  Because Runnels has not shown that the conviction has been declared invalid, he is barred from recovering monetary damages under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In light of the foregoing, we DENY the motion to proceed IFP, and we DISMISS this appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Both the district court's dismissal of Runnels's § 1983 action as frivolous and for failure to state a claim and our dismissal of Runnels's appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Runnels is WARNED that his receipt of a third strike will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).