**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CW 0524 & 2023 CA 0598

DONALD RUNNELS, PRO SE

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS, JAMES LEBLANC

*DATE OF JUDGMENT:*    NOV 0 9 2023

ON REVIEW FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 716928, SECTION 22

HONORABLE BEAU HIGGINBOTHAM, JUDGE

* * * * * *

| | |
|---|---|
| Donald Runnels<br>Waterproof, Louisiana | Plaintiff-Appellant<br>In Proper Person |
| Robb Rochester<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>James M. LeBlanc, Secretary of<br>Louisiana Department of Public Safety<br>& Corrections |

* * * * * *

BEFORE: GUIDRY, CJ, CHUTZ, AND LANIER, JJ.

Disposition: **WRIT DENIED; JUDGMENT AFFIRMED.**

**Chutz, J.**

Donald Runnels, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his application for a writ of habeas corpus with prejudice. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Runnels was convicted of simple burglary, a violation of La. R.S. 14:62, and subsequently adjudicated a second-offense habitual offender and sentenced to fifteen years at hard labor without benefit of probation or suspension of sentence. Runnels appealed, and his conviction was affirmed in *State v. Runnels*, 12-167 (La. App. 3d Cir. 11/7/12), 101 So.3d 1046, writ denied, 13-0498 (La. 7/31/13), 118 So.3d 1121. Further, after being fully litigated, his application for post-conviction relief was denied. *State ex rel. Runnels v. State*, 15-0466, (La. 1/8/16), 182 So.3d 952 (*per curiam*). On March 18, 2022, Runnels filed an application for a writ of habeas corpus pursuant to La. C.Cr.P. arts. 352-353 in the Nineteenth Judicial District Court (19th JDC). In the application, Runnels asserted his conviction and sentence are invalid because he was not advised of his rights before his habitual offender adjudication, including the right to remain silent.

On March 28, 2022, the 19th JDC Commissioner assigned to this matter signed a service order directing DPSC to show cause within 30 days why habeas relief should not be granted to Runnels. Subsequently, DPSC filed an exception of lack of subject matter jurisdiction based on Runnels' failure to exhaust administrative remedies. The Commissioner issued a screening report recommending Runnels' application be dismissed without prejudice due to his failure to exhaust administrative remedies. Subsequently, the Commissioner issued an amended screening report wherein she determined the district court lacked subject matter jurisdiction to hear Runnels' complaint because his application was "actually a post-conviction complaint filed in the guise of a habeas complaint." The

2

Commissioner noted Runnels' application challenged the validity of his conviction and sentence rather than DPSC's authority for his custody. Accordingly, the Commissioner recommended Runnels' application be dismissed with prejudice. In accordance with the amended screening report, the district court signed a judgment on January 18, 2023, dismissing Runnels' application for a writ of habeas corpus with prejudice for lack of subject matter jurisdiction. Runnels now appeals.[1]

## DISCUSSION

Louisiana Code of Criminal Procedure article 351 provides:

> Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.
>
> "Custody" as used in this Title means detention or confinement as a result of or incidental to an instituted or anticipated criminal proceeding.
>
> *The provisions of this Title are not available to persons entitled to file an application for post conviction relief under [La. C.Cr.P. art. 924 et seq.].* [Emphasis added.]

According to Comment (c) to Article 351, habeas corpus is not the proper procedural vehicle for petitioners who may file an application for post-conviction relief, since habeas corpus essentially deals with pre-conviction complaints concerning custody.[2] This court has consistently held habeas corpus is not available to contest the validity of a conviction or to have a sentence set aside. See **Scott v. Louisiana Department**

---

[1] Runnels also filed an application for supervisory writ seeking review of the district court's January 18, 2023 judgment. On August 28, 2023, this court referred the writ application to the panel handling the instant appeal from that judgment. See **Runnels v. Department of Public Safety and Corrections**, 23-0524 (La. App. 1st Cir. 8/28/23) (unpublished). The issues presented in the writ application and on appeal are the same.

[2] We note Runnels asserted in his application that he is no longer entitled to file for post-conviction relief. In denying Runnels' application for post-conviction relief, the Louisiana Supreme Court noted his claims had been fully litigated in state court. The Supreme Court further observed Runnels had, therefore, exhausted his right to state collateral review *unless* he could show that one of the narrow exceptions authorizing the filing of a successive application applies. **State ex rel. Runnels**, 182 So.3d at 952. Under such limited circumstances, Runnels would be entitled to file an application for post-conviction relief. See **State ex rel. Runnels**, 182 So.3d at 952; **Scott**, 2019 WL 2334919, at *1 n.1.

*of Public Safety & Corrections*, 18-1705 (La. App. 1st Cir. 6/3/19), ___ So.3d ___, 2019 WL 2334919, at *1, and cases cited therein. Rather, such claims are considered requests for post-conviction relief. An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. La. C.Cr.P. art. 924(1).

In this case, Runnels was convicted of simple burglary, adjudicated a habitual offender, and sentenced. He now seeks to have his conviction and sentence set aside. Because all the claims in his application relate to the validity of his conviction and sentence, his application is a request for post-conviction relief and is not a writ of habeas corpus, even though he has labeled it as such. See *Eames v. State*, 13-0022 (La. App. 1st Cir. 3/27/14), 2014 WL 1266360, at *2 (a petitioner "cannot make post conviction relief claims and call them 'habeas corpus' claims"). Accordingly, we find no error in the judgment of the district court dismissing Runnels' application for a writ of habeas corpus with prejudice. See *Scott*, 2019 WL 2334919, at *2; *Eames*, 2014 WL 1266360, at *3

## CONCLUSION

For these reasons, we affirm the January 18, 2023 judgment of the district court and deny Runnel's application for a supervisory writ from that judgment. All costs of this appeal are assessed to appellant, Donald Runnels.

**WRIT DENIED; DISTRICT COURT JUDGMENT AFFIRMED.**

4